AO 106 (Rev. 04/10) Application for a Search Warrant

FILED
LODGED _____ RECEIVED

JAN 14 2019

AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
BY                              DEPUTY

# UNITED STATES DISTRICT COURT
for the
Western District of Washington

In the Matter of the Search of )
*(Briefly describe the property to be searched* )
*or identify the person by name and address)* )     Case No.  MJ 19-015
One white Apple iPhone )
)
)

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location):*
One white Apple iPhone, as further described in Attachment A, attached hereto and incorporated herein by reference.

located in the _____Western_____ District of _____Washington_____, there is now concealed *(identify the person or describe the property to be seized)*:

See Attachment B, List of Items to be Seized, attached hereto and incorporated herein by reference.

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:
☑ evidence of a crime;
☑ contraband, fruits of crime, or other items illegally possessed;
☑ property designed for use, intended for use, or used in committing a crime;
☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 1951 | Robbery |
| 21 U.S.C. § 841 | Possession of Marijuana with Intent to Distribute |
| 18 U.S.C. § 924(c), 921(g) | Possession of a Firearm During a Crime of Violence/Drug Trafficking Crime, FIP |

The application is based on these facts:

See Affidavit of ATF Special Agent Michael J. Collier Jr., attached hereto and incorporated herein by reference.

☑ Continued on the attached sheet.
☐ Delayed notice of _____ days (give exact ending date if more than 30 days: _____) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

_____
Applicant's signature

ATF Special Agent Michael J. Collier Jr.
*Printed name and title*

Sworn to before me and signed in my presence.

Date: 1-14-19

_____
Judge's signature

City and state: Seattle, Washington

Paula L. McCandlis, United States Magistrate Judge
*Printed name and title*

# AFFIDAVIT OF MICHAEL J. COLLIER JR.

COUNTY OF KING         )
                       )
STATE OF WASHINGTON    )

I, Michael J. Collier Jr., being first duly sworn on oath, depose and say:

## INTRODUCTION AND AGENT BACKGROUND

1. I am a special agent (SA) duly sworn and employed by the U.S. Department of Justice Bureau of Alcohol, Tobacco, Firearms, and Explosives (ATF). I am also a Certified Explosives Specialist (SACES) and Special Agent Canine Handler (SACH). I am assigned to the Seattle, Washington, Group IV (CGIC-Crime Gun Intelligence Center) Field Office. I have been an ATF Special Agent since December 13, 2009, responsible for investigating and enforcing violations of federal law. I graduated from the Criminal Investigator Training Program and the ATF Special Agent Basic Training Program, which are both located at the Federal Law Enforcement Training Center in Glynco, Georgia. I completed the ATF Digital Media Collection Specialist Training course and have conducted multiple forensic collections of data from multiple digital media and other electronic storage platforms. I have completed the ATF Certified Explosives Specialist (CES) program, and am responsible for explosive operations, explosive investigations, identifying explosive materials, and mitigating explosives found to be hazardous in nature. I have planned, supervised, and conducted multiple explosive recoveries and disposals as well as seizure of unlawful or improvised explosive materials.

2. I received my Bachelor of Science degree in Psychology and a second degree in Criminal Justice from Towson University in Towson, Maryland. I obtained a Master of Science degree in Criminal Justice Administration from Columbia Southern University in Orange Beach, Alabama. I also obtained a Master of Science Graduate certificate in Explosives Engineering from Missouri University of Science and Technology in Rolla, Missouri.

Affidavit of Special Agent Michael J Collier - 1
USAO# 2018R00019

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

3. I am responsible for investigations involving specified unlawful activities, to include violent crimes involving firearms that occur in the Western District of Washington. I am also responsible for enforcing federal firearms and explosives laws and related statutes in the Western District of Washington. I received training on the proper investigative techniques for these violations, including the identification of firearms and location of the firearms' manufacture. I have actively participated in investigations of criminal activity, including but not limited to: crimes against persons, crimes against property, narcotics-related crimes, and crimes involving the possession, use, theft, or transfer of firearms. During these investigations, I have also participated in the execution of search warrants and the seizure of evidence indicating the commission of criminal violations. As a law enforcement officer, I have testified under oath, affirmed to applications of search and arrest warrants, and obtained electronic monitoring orders.

4. I am the lead agent assigned to the investigation of the criminal activities of BRADFORD MARSELAS JOHNSON and ERIC HENRY WOODBERRY. I am familiar with the evidence in the case. The facts set forth in this Affidavit are based on my personal knowledge, training, experience, and information supplied to me by other law enforcement personnel. I am familiar with all aspects of this investigation, but have not set forth each and every fact about this investigation. The following is merely a summary of the evidence obtained during this investigation and does not reflect my entire knowledge of the investigation.

5. I make this Affidavit, in part, based upon information gained from, but not limited to, the following sources: the Mountlake Terrance Police Department (MLTPD), the City of Edmonds Police Department (EPD), the City of Lynwood Police Department (LPD), the City of Everett Police Dept (EvPD), and the Snohomish County Sheriff's Office (SCSO).

6. Except as otherwise noted, the information set forth in this Affidavit has been provided to me by other law enforcement officers. Unless otherwise noted, whenever in this Affidavit I assert that a statement was made, the information was

Affidavit of Special Agent Michael J Collier - 2
USAO# 2018R00019

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

provided by another law enforcement officer (who may have had either direct or hearsay knowledge of the statement) to whom I have spoken or whose report I have read and reviewed. Such statements are among many statements made by others and are stated in substance, unless otherwise indicated. Similarly, information resulting from surveillance, except where indicated, does not necessarily set forth my personal observations but rather may have been provided directly or indirectly by other law enforcement officers who conducted such surveillance.

7. Furthermore, my experience as a special agent and as a police officer forms a basis for the opinions and conclusions set forth below.

8. Because this Affidavit is offered for the limited purpose of establishing probable cause to search a cell phone, it does not contain all of the information that the government possesses relative to this investigation. Dates and times provided herein are approximate.

## PURPOSE OF AFFIDAVIT

9. I make this Affidavit in support of an Application for the limited purpose of establishing probable cause to search the following:

> **A white Apple iPhone** (the "Target Telephone"). This cell phone was recovered from a white four-door Nissan Altima bearing Washington license plate ALK2562. The Altima was searched pursuant to a search warrant on November 30, 2017, by law enforcement personnel of the Mountlake Terrace Police Department, and the Target Telephone recovered from the vehicle at that time. The Target Telephone is currently being stored in evidence at the ATF office in Seattle, Washington.

The Target Telephone is more particularly described in Attachment A, which is incorporated herein by reference, and a warrant is sought to search for the items described in Attachment B, which is also incorporated herein by reference, all of which constitute evidence, fruits, and instrumentalities of violations of Title 18, United States Code, Section 1951(a) and (b)(1) (Robbery); Title 21, United States Code, Section

Affidavit of Special Agent Michael J Collier - 3
USAO# 2018R00019

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

841(a)(1) and (b)(1)(D) (Possession of Marijuana with Intent to Distribute); Title 18, United States Code, Section 924(c) and 2 (Possession of a Firearm During a Crime of Violence and a Drug Trafficking Crime); and Title 18, United States Code, Section 922(g)(1) (Felon in Possession of a Firearm).

## SUMMARY OF PROBABLE CAUSE

10. On or about November 17, 2017, multiple law enforcement agencies responded to a reported robbery in progress at Rainer Cannabis located at 22002 64th Avenue West, Mountlake Terrace, in the Western District of Washington. The incident was reported to the police by the business owner T.S. who was offsite and observing the incident via live surveillance feed. T.S. reported seeing two males with what he described as "machine guns" and people lying on the floor inside the store.

11. As reported later by "budtender" P.K., and corroborated by the surveillance video from inside the store itself, two African-American males entered Rainer Cannabis. These males were later identified as Bradford Marselas Johnson and Eric Henry Woodberry, as described below. When the men entered the store, P.K. realized these were not just last-minute customers when he saw one of them point a pistol directly at the store's security guard, R.M., who was sitting near the entrance. The second male who entered, later identified as Johnson, came in holding a rifle. The male with the pistol, later identified as Woodberry, forced R.M. to the ground.

12. During this time, either Johnson or Woodberry made a statement to the effect of "We've done this before." Although Woodberry has no previous criminal history associated with the robbery of a marijuana dispensary, Johnson was previously convicted of Robbery in the First Degree in Snohomish County Superior Court case 15-1-02371-8. In that case, a jury convicted Johnson of robbing a marijuana dispensary with a pistol in September 2015. At the time of the events described in this Affidavit, Johnson had recently been released from prison after serving his sentence for that offense, and he was still on community custody for that crime.

Affidavit of Special Agent Michael J Collier - 4
USAO# 2018R00019

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

13. Johnson and Woodberry demanded that each of the three employees in the store—budtenders P.K. and A.W. and security guard R.M.—relinquish their cell phones. Video surveillance confirms that Johnson, wearing gray sweats and tan work boots, was holding a rifle and had his foot on top of the security guard as he issued instructions to the other employees. He also patted R.M. down, looking for any weapons. While Johnson made sure the security guard stayed prone on the ground, both robbers directed the two budtenders to fill two garbage bags full of marijuana and related products. They identified specific products that they wanted placed in the bags, and also filled their pockets with marijuana products.

14. In addition to marijuana and related products, Johnson and Woodberry also took approximately $1,300 in U.S. currency from two of the cash registers in the store and attempted to access a safe on the premises. However, the employees did not have the ability to open the safe.

15. While Johnson and Woodberry were inside the store, police from several jurisdictions were arriving in response to owner T.S.'s call for help. As they attempted to exit Rainer Cannabis, Johnson and Woodberry observed police cars outside and retreated back into the store, locking the door behind them.

16. According to the three employees inside the store, Johnson and Woodberry announced that they were taking the employees hostage and ordered them into the back hallway. After the employees described an alternative exit via that back hallway's door to a neighboring office, the suspects locked the employees in a bathroom before exiting. Johnson and Woodberry left the building through a back door and down one flight of stairs. In order to escape, they abandoned the garbage bags full of marijuana. Employees later inventoried these bags, and determined that the marijuana in them had an approximate retail value of $36,000.

17. While fleeing the scene of the robbery, Johnson dropped the rifle near the rear stairs of the business. Police also located packages of stolen marijuana and two cell phones belonging to the victimized employees in close proximity to the rifle.

Affidavit of Special Agent Michael J Collier - 5
USAO# 2018R00019

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

18. Officers identified a potential getaway vehicle in the 22100 block of 64th Ave West. This vehicle, a white four-door Nissan Altima bearing Washington license plate ALK2562, was unoccupied with the engine and windshield wipers still on, and parked very close to Rainier Cannabis without being within sight of any surveillance cameras. A check of the license plate revealed the car's owner to be Wanda Johnson, Johnson's mother. When police contacted Ms. Johnson, she said her son Bradford Marselas Johnson had borrowed her car to "run errands" with another male unknown to her.

19. After a lengthy K-9 track of the two suspects, Woodberry was located hiding in a boat under a tarp at 22316 64th Avenue West, only a few blocks from Rainier Cannabis, and was taken into custody. The arresting officers described the pockets of his sweatshirt as being "jammed with money." The U.S. currency recovered from Woodberry's pockets totaled approximately $1364.

20. Johnson was located and taken into custody at 22312 64th Avenue West, close to where Woodberry was found. He was wearing gray sweats and tan work boots as described by his mother and as seen on the video of the robbery. A search of his person incident to his arrest revealed that he still had two containers of stolen marijuana on his person.

21. Police brought all three victims to view Johnson and Woodberry once they had been arrested. Each of the victims identified with 100% certainty each of the men as participating in the robbery just two hours earlier. This identification stands in contrast to an earlier attempt at identification as the two-hour K9 pursuit was unfolding, when officers had temporarily detained four individuals in a vehicle near the scene of the robbery. Two of the four men in that vehicle shared characteristics of the suspects as reported by the witnesses, but each of the three victims was 100% certain that those men were not involved in the robbery. Those men were released after being temporarily detained for the purpose of identifying them.

Affidavit of Special Agent Michael J Collier - 6
USAO# 2018R00019

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

22.     A follow-up investigation of the rifle Johnson used showed that it was stolen from a residence in Snohomish, Washington, sometime between July 6 and 11, 2017, while Johnson was still in prison for his prior Robbery conviction. The weapon, a MGI Marck-15 semiautomatic rifle, is designated by the ATF as a "Class 3" weapon because it is a "short-barreled rifle."

23.     Despite a thorough search, law enforcement was unable to locate the pistol displayed and used by Woodberry to threaten the victimized employees during the robbery. However, on the day after the robbery, a Mountlake Terrace police officer accompanied three Washington State Patrol K-9 teams in a search for additional evidence. Their search revealed a loaded Glock magazine containing twelve .40 caliber bullets located on top of a rock wall near the pool area of the condominium complex adjacent to the southern edge of the business complex occupied by Rainier Cannabis and a neighboring business, Crazy Moose Casino. While Johnson and Woodberry were fleeing the scene of the robbery, a Crazy Moose Casino employee had seen one of the suspects scale a fence on that property line in close vicinity to that rock wall.

24.     On November 28, 2017, Mountlake Terrace Police Department Detective Justin Mettler applied to the Snohomish County Superior Court for a search warrant to search the white four-door Nissan Altima bearing Washington license plate ALK2562 identified as the potential getaway car. The Honorable Ellen J. Fair approved the search warrant. Among other things, the warrant explicitly approved the search for and seizure of a white Apple iPhone that Detective Mettler could see in plain view through the windows was lying on the center console area of the car. On November 30, 2017, Detective Mettler and other law enforcement personnel executed the warrant. They seized the white iPhone from the center console area of the car.

25.     On February 22, 2018, a grand jury sitting in the Western District of Washington returned an Indictment against Johnson and Woodberry charging them with Robbery, Possession of Marijuana with Intent to Distribute, Possession of a Firearm in

Affidavit of Special Agent Michael J Collier - 7
USAO# 2018R00019

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

Furtherance of a Violent Crime and a Drug Trafficking Offense, and Felon in Possession of a Firearm.

26.     As part of the adoption of this case for federal prosecution, I obtained all items of evidence related to this investigation from the Mountlake Terrace Police Department and transferred them to the evidence room at ATF Seattle. The white iPhone recovered from the car was among these items, and it remains in the custody of ATF at this time, secured in its evidence room.

**KNOWLEDGE BASED ON TRAINING AND EXPERIENCE**

27.     I know from my training and experience that cellular telephones are an important tool for those engaged in robberies, especially those committed by accomplices or as part of a conspiracy. Cellular telephones provide easy storage for and quick access to account information, personal identifiers, contacts, and other information that a robbery perpetrator needs ready at hand. Because it is common for perpetrators to rob multiple people and a business simultaneously, the task of planning the robbery and organizing information requires communication amongst the conspirators or accomplices. Cellular telephones provide a digital storage medium that avoids the need to maintain extensive paper records. Having this information available electronically also allows perpetrators to access it more quickly and less obtrusively, reducing the likelihood that they will draw the suspicion of a merchant or employees prior to commission of the crime.

28.     Cellular telephones likewise serve an important logistical role, facilitating easy communication among accomplices and co-conspirators. After all, the logistics of a robbery of a guarded store can be complex. Generally, these schemes are orchestrated by a small team who often communicate about a plan. Cellular telephones thus provide a critical link between the various members of the scheme.

29.     Additionally, cellular telephones can be used to obtain important information pertinent to a planned crime, such as the location and hours of a business intended as a target of the robbery.

Affidavit of Special Agent Michael J Collier - 8
USAO# 2018R00019

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

30. Based upon my training and experience, and my discussions with other experienced officers and agents involved in drug investigations, I know the following:

   a. Traffickers of controlled substances commonly maintain records reflecting names or nicknames, addresses, and/or telephone numbers of their suppliers, customers, and associates in the trafficking organization. Traffickers commonly maintain this information in their cell phones, as well as in books or papers. Traffickers often maintain cell phones for ready access to their clientele and to maintain their ongoing drug trafficking. Traffickers often change their cell phone numbers to avoid detection by law enforcement, and it is common for traffickers to use more than one cell phone at any one time.

   b. Drug traffickers sometimes take or cause to be taken photographs and/or video recordings of themselves, their associates, their property, and their illegal product, as well as firearms that they use in the course of and in furtherance of their trafficking. These individuals often maintain these photographs and recordings in their possession or on their cell phones.

   c. Drug traffickers use cell phones as a tool or instrumentality in committing their criminal activity. They use them to maintain contact with their suppliers, distributors, and customers. They prefer cell phones because, first, they can be purchased without the location and personal information that land lines require. Second, they can be easily carried to permit the user maximum flexibility in meeting associates, avoiding police surveillance, and traveling to obtain or distribute drugs. Third, they can be passed between members of a drug conspiracy to allow substitution when one member leaves the area temporarily. Based on my training and experience, the data maintained in a cellular telephone used by a drug dealer is evidence of a crime or crimes. This includes the following:

Affidavit of Special Agent Michael J Collier - 9
USAO# 2018R00019

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

　　　　i.　The assigned number to the cellular telephone (known as the mobile directory number or MDN), and the identifying telephone serial number (Electronic Serial Number, or ESN), (Mobile Identification Number, or MIN), (International Mobile Subscriber Identity, or IMSI), or (International Mobile Equipment Identity, or IMEI) are important evidence because they reveal the service provider, allow us to obtain subscriber information, and uniquely identify the telephone. This information can be used to obtain toll records, to identify contacts by this telephone with other cellular telephones used by co-conspirators, to identify other telephones used by the same subscriber or purchased as part of a package, and to confirm if the telephone was contacted by a cooperating source or was intercepted on a wiretap here or in another district.

　　　　ii.　The stored list of recent received calls and sent calls is important evidence. It identifies telephones recently in contact with the telephone user. This is valuable information in a drug investigation because it will identify telephones used by other members of the organization, such as suppliers, distributors and customers, and it confirms the date and time of contacts. If the user is under surveillance, it identifies what number he called during or around the time of a drug transaction or surveilled meeting. Even if a contact involves a telephone user not part of the conspiracy, the information is helpful (and thus is evidence) because it leads to friends and associates of the user who can identify the user, help locate the user, and provide information about the user. Identifying a defendant's law-abiding friends is often just as useful as identifying his drug-trafficking associates.

　　　　iii.　Stored text messages are important evidence, similar to stored numbers. Agents can identify both drug associates, and friends of the user who likely have helpful information about the user, his location, and his activities.

Affidavit of Special Agent Michael J Collier - 10
USAO# 2018R00019

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

   iv. Photographs on a cellular telephone are evidence because they help identify the user, either through his or her own picture, or through pictures of friends, family, and associates that can identify the user. Pictures also identify associates likely to be members of the drug trafficking organization. Some drug dealers photograph groups of associates, sometimes posing with weapons and showing identifiable gang signs.

   v. Stored address records are important evidence because they show the user's close associates and family members, and they contain names and nicknames connected to phone numbers that can be used to identify suspects.

## MANNER OF SEARCH

31. I intend to deliver the Target Telephone to a forensic examiner who will recover data from the Target Telephone using computer forensic best practices.

32. Law enforcement will ensure that only data physically located on the Target Telephone will be recovered, in that the phone will be disabled from accessing a mobile phone network or WiFi access point. This process will not capture data stored on any other server, such as emails that have not been previously downloaded to the phone.

33. The examiner will apply a software program that will extract from the Target Telephone the information identified in Attachment B. The examiner will provide me either only these data or data in a form in which these areas will be clearly delineated. I intend to search the phone for the items that are described in Attachment B.

34. If the forensic examiner is unable to use a software program to extract data from the phone, I intend to instead manually search the phone by looking at the applicable sections of the actual phone for the items that are described in Attachment B.

## CONCLUSION

35. Based on the above facts, I respectfully submit that there is probable cause to believe the Target Telephone contains evidence, fruits, and instrumentalities of violations of Title 18, United States Code, Section 1951(a) and (b)(1) (Robbery); Title

Affidavit of Special Agent Michael J Collier - 11
USAO# 2018R00019

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

21, United States Code, Section 841(a)(1) and (b)(1)(D) (Possession of Marijuana with Intent to Distribute); Title 18, United States Code, Section 924(c) and 2 (Possession of a Firearm During a Crime of Violence and a Drug Trafficking Crime); and Title 18, United States Code, Section 922(g)(1) (Felon in Possession of a Firearm). I seek authorization to search the Target Telephone, described in Attachment A, for the items that are described in Attachment B.

MICHAEL COLLIER
Special Agent, Certified Explosives Specialist, and Canine Handler
Bureau of Alcohol, Tobacco, Firearms, and Explosives

SUBSCRIBED AND SWORN before me this 14th day of January, 2019.

The Honorable Paula L. McCandlis
U.S. MAGISTRATE JUDGE

Affidavit of Special Agent Michael J Collier - 12
USAO# 2018R00019

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

Attachment A

Property to Be Searched

The property to be searched comprises the following cellular telephone currently in the possession of the Bureau of Alcohol, Tobacco, Firearms, and Explosives:

> **A white Apple iPhone** (the "Target Telephone"). This cell phone was recovered from a white four-door Nissan Altima bearing Washington license plate ALK2562. The Altima was searched pursuant to a search warrant on November 30, 2017, by law enforcement personnel of the Mountlake Terrace Police Department, and the Target Telephone recovered from the vehicle at that time. The Target Telephone is currently being stored in evidence at the ATF office in Seattle, Washington.

Attachment A - 1

Attachment B

Items to be Searched for and Seized

This warrant authorizes the seizure of the following items or materials that may contain evidence of the commission of, the fruits of, and/or property which has been used as the means of committing the following crimes: Robbery in violation of Title 18, United States Code, Section 1951(a) and (b)(1); Possession of Marijuana with Intent to Distribute in violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(D); Possession of a Firearm During a Crime of Violence and a Drug Trafficking Crime in violation of Title 18, United States Code, Section 924(c) and 2; and Felon in Possession of a Firearm in violation of Title 18, United States Code, Section 922(g)(1):

- Assigned numbers and identifying telephone serial numbers (ESN, MIN, IMSI, or IMEI);
- Stored lists of recent received, sent, or missed calls;
- Stored contact information;
- Stored photographs related to the aforementioned crimes, including of narcotics, currency, firearms, evidence of suspected criminal activity, and/or the user of the phone and/or suspected accomplices, including any metadata (such as date and time of photograph, and embedded GPS data) associated with these photographs;
- Stored text messages (including any attached digital files associated therewith) related to the aforementioned crimes of investigation or that may show the user of the phone and/or accomplices, including Apple iMessages, Blackberry Messenger messages, "WhatsApp" messages, or other similar messaging services where the data is stored on the telephone;
- Other documents, records, communications, images, or other data in whatever form, which are or contain evidence of or pertain to the crimes above-listed crimes, including: location data, cell tower usage, GPS satellite data, and GPS

Attachment B - 1

coordinates for routes and destination queries that are or pertain to evidence of the above-listed crimes; and

- Other data, documents, records, images, videos, or other items in whatever form, tending to identify the subscriber of the device, the user of the device, and/or the possessor of the device, and/or dominion and control of the device.

The search warrant authorizes imaging or otherwise copying all data contained on the subject devices. The search warrant also authorizes reasonable efforts to overcome any passcode protection of the subject devices.

Attachment B - 2